The document below is hereby signed.

Signed: February 6, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
DOMINIQUE BRIEF,               )       Case No. 19-00838
                               )       (Chapter 13)
                  Debtor.      )       Not for publication in
                               )       West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO VACATE ORDER OF DISMISSAL

For the following reasons, the court will deny the debtor's

motion to vacate the order dismissing this case.

The debtor commenced this case on December 19, 2019.  On

December 19, 2019, the court entered an order directing the

debtor to show cause why, based on a filing fee issue, the case

ought not be dismissed.  The debtor failed to respond to that

order.  On January 15, 2020, twenty-seven days after entry of the

order to show cause, the court dismissed the case.  On January

17, 2020, the debtor completed paying the filing fee.  On January

18, 2020, the debtor filed her list of creditors required by 11

U.S.C. § 521(a)(1)(A).  On January 18, 2020, the debtor filed her

motion to vacate the dismissal order, noting that she has paid

the filing fee in full and has filed the list of creditors.  On

January 23, 2020, the Chapter 13 trustee opposed the motion.  She

asserts that in failing to comply with various obligations in the

case, the debtor has engaged in unreasonable delay that is

prejudicial to creditors.

Even if this case had not been dismissed I would dismiss it

now.  On December 30, 2019, the court issued an order directing

the debtor to file documents required by 11 U.S.C. § 521(a)(1)(B)

(schedules and so forth) and a plan by January 2, 2020, unless

she obtained an extension of time, and warning that failure to

file those documents by January 2, 2020 "may result in dismissal

of this case."  Despite the passage of more than 45 days since

the commencement of the case, the debtor has still failed to file

the documents required by § 521(a)(1)(B) and to file a plan.

That is unreasonable delay that is prejudicial to creditors.

Although 11 U.S.C. § 1307(c)(9) authorizes only the United

States Trustee to pursue a motion to dismiss based on failure

timely to file documents required by § 521(a)(1), the court may

sua sponte dismiss a case under 11 U.S.C. § 105(a) based on such

a failure.  *See Tennant v. Rojas (In re Tennant)*, 318 B.R. 860,

869-70 (9th Cir. BAP 2004).  Such a dismissal meets the

procedural requirement of "notice and a hearing" if the court

"notifies the debtor of the deficiencies of his petition and

dismisses the case sua sponte without further notice and a

hearing when the debtor fails to file the required forms within a

deadline." *Tennant*, 318 B.R. at 871.  Here the debtor was warned that failure timely to file papers required by § 521(a)(1)(B) may result in dismissal of the case.  The long delay in filing the required documents would warrant dismissing the case without giving the debtor an opportunity to cure her default in complying with § 521(a)(1)(B).  Accordingly, vacating the dismissal order would not be appropriate.

In any event, under 11 U.S.C. § 521(i) the court would be required, upon the request of a party in interest, to treat the case as automatically dismissed and to dismiss the case based on the debtor's having failed within 45 days to file schedules and the other documents required by 11 U.S.C. § 521(a)(1)(B).  That warrants denying the debtor's motion to vacate the dismissal.

Moreover, failure to file a plan for more than 45 days by itself is unreasonable delay that is prejudicial to creditors, and that too warrants denying the debtor's motion.

The dismissal will not bar the filing of a new case, but the debtor is warned that she must timely comply with her obligations in a new case, and that the automatic stay of 11 U.S.C. § 362(a) will expire in the new case unless she takes prompt steps under 11 U.S.C. § 362(c)(3) to obtain an order extending the automatic stay and can show cause under § 362(c)(3) to extend the automatic stay.

It is

ORDERED that the motion to vacate the order dismissing the

case is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); e-recipients of orders.